■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ODIS THOMPSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered March 7, 1977, which granted defendant's oral motion to dismiss the indictment for failure to prosecute. Order reversed, as a matter of discretion in the interest of justice, and indictment reinstated. It was an abuse of discretion, on the facts of this case, for the court to have failed to grant the prosecutor's request for an adjournment. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.

■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND K., Respondent, and JODI MERLE K., Appellant.—In a proceeding pursuant to article 81 of the Mental Hygiene Law, the appeal is from an order of the County Court, Rockland County, dated June 2, 1976, which, after a hearing, found appellant to be a drug dependent person and certified her to the care and custody of the Drug Abuse Control Commission. Order affirmed, without costs or disbursements. The determination at a certification hearing that a person is a "drug dependent person" must be supported by a preponderance of the credible evidence. (Cf. *People v Fuller*, 24 NY2d 292.) A review of the record indicates that this burden of proof has been met. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.

■ In the Matter of ANDREA B. OLSEN, Appellant, v JOHN F. HANNEY et al., Respondents.—In a proceeding to invalidate petitions nominating John F. Hanney as a candidate in the general election to be held on November 8, 1977 for the public office of Council Member of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 30, 1977, which, after a hearing, denied the application. Judgment affirmed, without costs or disbursements. No opinion. Margett, J. P., Rabin and Titone, JJ., concur; Mollen, J., dissents and votes to reverse the judgment and grant the application, with the following memorandum: I dissent and vote to reverse on the authority of *Matter of Carrol v McNab* (— AD2d —).

## THIRD DEPARTMENT, OCTOBER, 1977

### (October 3, 1977)

■ In the Matter of the Claim of SUSAN P. McDOWELL, as Widow of Paul Pratt, Deceased, Respondent, v CORBIN LAVOY, Doing Business as EMPIRE BORING Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion to dismiss appeals from decision of the Workmen's Compensation Board dated May 19, 1977 on the ground that said decision is not appealable as a matter of law, denied, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.